Filed 7/7/22  P. v. Harper CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEANDRE HARPER,<br><br>    Defendant and Appellant. | B315199<br><br>(Los Angeles County<br>Super. Ct. No. TA151208)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING (NO CHANGE IN JUDGMENT) |

THE COURT:

The opinion filed June 21, 2022, is modified as follows:

On page 2 of the opinion, in the first sentence of the third paragraph of the Background section, the word "parole" is replaced with "probation."

On page 3 of the opinion, in the third sentence of the first full paragraph, the word "parole" is replaced with "probation."

There is no change in judgment.  The petition for rehearing filed July 5, 2022 is denied.

_____

BENDIX, Acting P. J.            CHANEY, J.            MORI, J.*

        *  Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 6/21/22  P. v. Harper CA2/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEANDRE HARPER,<br><br>    Defendant and Appellant. | B315199<br><br>(Los Angeles County<br>Super. Ct. No. TA151208) |

APPEAL from an order of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Dismissed.

Rachael A. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In this appeal from a judgment following a probation violation hearing, appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating that counsel has not been able to identify any arguable issues on appeal. This appeal is not subject to *Wende* review because it is not an appeal from the judgment of conviction. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034, review granted Oct. 14, 2020, S264278.) We therefore dismiss the appeal. (See *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1026.)

## BACKGROUND

On July 20, 2020, defendant Deandre Harper pleaded no contest to a charge of burglary under Penal Code section 459. The trial court sentenced him to 11 years, suspended execution of sentence, and placed him on formal probation for five years. One condition of that probation was to "obey all laws . . . ."

Less than a year later, on June 22, 2021, defendant was arrested for willful infliction of corporal injury (Pen. Code, § 273.5, subd. (a)) and criminal threats (*id.*, § 422, subd. (a)) following a domestic violence incident with his girlfriend, C.S. On July 8, 2021, the trial court revoked defendant's probation and issued a bench warrant. Defendant appeared on July 13, 2021.

The trial court held a parole violation hearing on August 10, 2021. The People called C.S. as a witness. C.S. testified that at the time of the domestic violence incident she had been dating defendant for about three years. On the night in question, she and defendant were arguing about her suspicions that he was cheating on her. Defendant slapped and punched her in the face multiple times. When she fell to the floor, he kicked her in the head and stomach. He screamed at her to get out of

2

the house and dragged her by her feet. He said if she did not leave he would hurt or kill her. He also choked her with both hands and bit her on the arm. The People offered photographs showing C.S.'s bruised face.

Defendant chose not to testify. Defense counsel argued that C.S. lacked credibility, and that her testimony suggested she was physically assaulting defendant as well. Counsel requested that if the court found a parole violation, that it impose a reasonable county jail sentence and reinstate probation while defendant fought the domestic violence charges against him.

The trial court found that defendant had violated his probation, and that C.S.'s testimony was credible. The trial court also noted "the viciousness of the assault." The court stated its inclination to impose the 11-year sentence previously suspended, but granted the defense more time to prepare for sentencing.

At the sentencing hearing, held September 17, 2021, defense counsel argued that defendant was on the path to becoming a productive citizen, and had a job offer. Defense counsel offered letters in defendant's favor. Defendant's mother also made a statement. She said C.S.'s relationship with her son was toxic, and C.S. had injured defendant several times, including during the incident for which he was arrested. Defendant's mother disputed that C.S. was afraid of defendant, because C.S. contacted defendant afterwards. Defendant's mother said he was a good father to his daughter, and had no prior acts of domestic violence.

Following the mother's statement, defense counsel again requested a reasonable jail sentence and reinstatement of probation, along with an order that defendant attend counseling.

The trial court stated that it "respect[ed]" the mother's statement, and acknowledged the letters in defendant's favor. The court found, however, that defendant had agreed to the terms of his plea, and had violated those terms less than a year after entering that plea. The court sentenced him to the previously imposed but suspended 11 years in state prison, minus credits.

Defendant timely appealed from the ensuing judgment. As noted, appellate counsel filed a brief identifying no issue on appeal. This court provided defendant an opportunity to file a supplemental brief, and defendant filed no such brief.

## DISCUSSION

*Wende* review "protect[s] the federal constitutional right to the effective assistance of counsel in a direct appeal from a criminal conviction." (*People v. Freeman* (2021) 61 Cal.App.5th 126, 134.) *Wende* review is not required "for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel." (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1034, review granted.) "Revocation proceedings are 'constitutionally distinct' from criminal prosecutions. [Citation.] Parole and probation revocation proceedings 'in and of themselves, do not concern guilt of any criminal charges, or risk any increase in the maximum terms of confinement to which persons are exposed by virtue of their underlying convictions.' [Citation.]" (*People v. Freeman, supra*, 61 Cal.App.5th at p. 133.)

This is not a direct appeal from a criminal conviction. Because counsel filed a brief identifying no issue and defendant filed no supplemental brief, we dismiss the appeal as abandoned. (*People v. Cole, supra*, 52 Cal.App.5th at p. 1039, review granted.)

4

Assuming this appeal were subject to *Wende* review, we have examined the entire record and are satisfied no arguable issue exist and appellant's counsel has fully satisfied counsel's responsibilities under *Wende.* (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra,* 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.

                                        BENDIX, Acting P. J.

We concur:

        CHANEY, J.

        MORI, J.*

---

        * Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.